UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY STIMSON,

    Plaintiff,

v.

CITY OF LAPEER,

    Defendant.

Case No:

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Mary Stimson (hereinafter "Doyle"), by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant, City of Lapeer ("Lapeer") states as follows:

1. Plaintiff, Mary Stimson is a resident of the City Lapeer, County of Lapeer and State of Michigan.

2. Defendant, Lapeer is a governmental entity duly authorized to do business in the County of Lapeer and Southeastern District in the State of Michigan.

3. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment consisting of sex/gender discrimination and retaliation in violation of Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA, §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff is a female who began her employment with Defendant, Lapeer on or about August 27, 2023 and was most recently employed in the Department of Public Works (DPW") as a General Maintenance Worker in the Water Department.

8. The decision to hire Plaintiff was made by the City of Lapeer Board.

9. During her employment with Defendant Plaintiff was the only woman in the department and was treated differently than similarly situated male employees.

10. During her employment, Plaintiff was also a volunteer for the Lapeer Fire Department.

11. Plaintiff was marginalized, harassed, discriminated against and singled out due to her sex.

12. Plaintiff was constantly harassed about being a volunteer for the Lapeer Fire Department, but there was another similarly situated man in the department who also volunteered for a Fire Department was not harassed.

13. Plaintiff was constantly harassed by her supervisors and co-workers for being the only woman in the department and constantly asked why was she working there.

14. During the week of December 4, 2023 Plaintiff was instructed by Justin Calvert to accompany Tompkinson to the Fire Hall so he could use her access code and she could assist him in replacing the leaking valve.

15. During the service call Tompkinson was dismissive of Plaintiff and would not let her assist him.

16. Despite Plaintiff's offer to assist or replace the valve herself, Tompkinson refused her and did not even replace the valve merely lubing the valve with food grade antisieze and then claimed to have rebuilt the valve.

17. Rather than allow Plaintiff to replace the valve Tompkinson placed the old valve back into service while it continued to leak.

18. Plaintiff complained to Calvert that Tompkinson would not let her assist and that he failed to fix the problem.

19. In November Plaintiff complained about being discriminated against due to her gender/sex but Defendant failed/refused to take remedial action.

20. On December 15, 2023 Plaintiff was disciplined for allegedly attending a meeting at the Fire Department when the meeting she attended was a conversation with the Fire Chief regarding the leaking valve that Tompkinson refused to replace a week earlier.

21. On January 5, 2024 Plaintiff was disciplined for allegedly using her City credit card improperly to purchase Gatorade and water for DPW crew workers, despite being told by Calvert to use her

22. Plaintiff was disciplined for being at the Fire Department on a Friday when Plaintiff's male co-workers were told by Mr. Calvert, unless there was an emergency or a work order has to be completed "I don't care what the f*&k you do, it's Friday, just don't be seen standing around."

23. On January 11, 2024 Plaintiff used a personal day and left a voice mail message to both Calvert and the Office Staff but was later accused of using a sick day and then going to the Fire Department.

24. On January 23, 2024 Plaintiff slept in and was late for work and was later disciplined for being late to work when the similarly situated male employees

4

are allowed to come in late and are allowed to be "laid back" about the time getting into work.

25. Plaintiff called Calvert and left a message she was going to be late and he texted her back "ok".

26. On February 13, 2024 Plaintiff was terminated due to her gender and complaints of sex/gender discrimination.

27. Defendant's stated reason for terminating Plaintiff was allegedly for tardiness and allowing her work as a volunteer Fire Fighter to interfere with her work for the DPW.

28. Defendant's stated reasons for terminating Plaintiff was clearly pretextual as Plaintiff's male co-workers were frequently late and never disciplined and Plaintiff never let her volunteering with the Fire Department interfere with her work with DPW.

29. The similarly situated male co-worker who also volunteered with the Fire Department was not harassed, discriminated against by Defendant.

30. Defendant's harassment and discrimination created a hostile and offensive work environment.

31. Plaintiff complained to HR, but nothing was done, instead they retaliated against her by terminating her.

32. At all pertinent times Plaintiff was an exemplar employee.

5

33. During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Moreover, Defendant is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

34. Defendant, through its agents, representatives and employees were predisposed to sexually harass and discriminate against Plaintiff on the basis of her sex and acted in accordance with that predisposition.

35. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

36. On or about April 18, 2024 Plaintiff filed a Charge of Discrimination against Defendant, Lapeer, Charge Number 471-2024-03972.

37. On August 26, 2024, the EEOC issued a Right to Sue letter against Defendant, Lapeer.

**COUNT I**
**SEX/GENDER DISCRIMINATION/DISCRIMINAITON IN VIOLATION OF TITLE VII AND ELCRA - HOSTILE WORK ENVIRONMENT**

38. Plaintiff incorporates by reference paragraphs 1 through 37 of the Complaint as though fully set forth herein.

39. Pursuant to Title VII of Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, et seq. ("ELCRA") Plaintiff is

6

guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors on the basis of her gender/sex.

40. At all times relevant, Defendant created a hostile work environment for Plaintiff as a result of Plaintiff's sex and on the basis of sex, and due to her status as a female, Defendants' employee(s) began to harass and discriminate against Plaintiff.

41. Defendant failed to take remedial action after she reported the numerous incidents of discrimination, harassment and retaliation.

42. Defendant had the knowledge that Plaintiff was being discriminated against and harassed due to her gender/sex, and retaliated against, but failed to take remedial measures to stop the discrimination and.

43. Defendant was Plaintiff's employer within the meanings of Title VII and the ELCRA.

44. Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment, and retaliation based upon sex by Defendant, its employees and agents to the point where their status as an employee has been detrimentally affected.

45. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiffs by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by engaging in sex/gender discrimination in the workplace;

    b. Retaliating against employees who make complaints of discrimination and harassment; and

    c. Failing to take serious and corrective action when informed by Plaintiffs that the conduct towards them was unlawful.

46. Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

47. Defendant breached and violated its duty owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to prevent or stop sex/gender discrimination against Plaintiff causing a hostile work environment;

    b. Taking adverse employment action, including termination against Plaintiff due to her sex; and

    c. Retaliating against Plaintiffs for their complaints of sex/gender discrimination.

48. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of the Defendant.

49. Plaintiff is entitled to punitive, exemplary, and compensatory damages pursuant to Title VII and the ELCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

50. Because of the unlawful conduct of Defendant and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish

and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## RETALIATION IN VIOLATION OF THE MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT AND TITLE VII

51. Plaintiffs incorporate by reference paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52. Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, et seq., and Title VII, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors on the basis of her sex.

53. Plaintiff was harassed and discriminated against due to her sex/gender by her immediate supervisor.

54. Defendant created a hostile work environment for Plaintiff as a result of Defendant's continuous comments, remarks, and conduct based on sex and Plaintiff's sex.

55. Plaintiff engaged in a protected act under Title VII and the Michigan Elliot-Larsen Civil Rights Act, MCLA §37.2101, et seq., by complaining of

9

sex/gender discrimination.

56. As a result of Plaintiff's protected activity, she was retaliated against by Defendant, including Defendant's employees, agents, and supervisors.

57. As a result of engaging in a protected activity, Plaintiff was subjected to hostile and offensive conduct by co-workers and when they complained to Defendant, United, no remedial actions were taken.

58. Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating and retaliating against employees.

59. Defendant owed Plaintiff a duty to not retaliate against her for making complaints of sex/gender discrimination and assault.

60. As a direct and proximate result of the actions of Defendant, Plaintiffs were the subject of discriminatory conduct and retaliation.

61. Because of the unlawful conduct of Defendant and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest

and attorney fees and any other relief this Honorable Court deems appropriate.

                                        Respectfully submitted,

                                        **BATEY LAW FIRM, PLLC**

                                        By: /s/Scott P. Batey
                                                SCOTT P. BATEY (P54711)
                                                Attorney for Plaintiff
                                                30200 Telegraph Road, Suite 400
                                                Bingham Farms, Michigan 48025
                                                (248) 540-6800
                                                sbatey@bateylaw.com

Dated:  October 11, 2024

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Mary Stimson, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

                                        Respectfully submitted,

                                        **BATEY LAW FIRM, PLLC**

                                        By: /s/Scott P. Batey
                                                SCOTT P. BATEY (P54711)
                                                Attorney for Plaintiff
                                                30200 Telegraph Road, Suite 400
                                                Bingham Farms, Michigan 48025
                                                (248) 540-6800
                                                sbatey@bateylaw.com

Dated:  October 11, 2024